ORIGINAL

FILED
U.S. DISTRICT COURT
2008 SEP 26 AM 8: 36
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENNETH CLARK PRUITT, | ) |
| Petitioner, | ) |
| v. | ) CV 108-047 |
| DON JARRIEL, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Clark Pruitt, an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is currently before the Court on Respondent's "Motion to Dismiss Petition as Unexhausted" (doc. no. 6) and Petitioner's "Motion for Stay and Abeyance" (doc. no. 15). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**, that Petitioner's Motion for Stay and Abeyance be **DENIED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner was convicted in the Superior Court of Richmond County of felony murder, armed robbery, and possession of a firearm during the commission of a crime on February 7, 2003. (Doc. no. 1, p. 1). Petitioner appealed his conviction to Georgia Supreme Court on the following grounds:

(1) that there was insufficient evidence that Petitioner had the requisite intent to commit murder and that Petitioner actually killed the victim;

(2) that the trial court erred in its instructions to the jury regarding presence at the scene of a crime and parties to a crime; and

(3) that Petitioner was denied effective assistance of counsel at trial in the following manner:

    (a) failure of counsel to seek exclusion of evidence, to have the voir dire recorded, and to object to testimony regarding a prior crime Petitioner was alleged to have participated in,

    (b) failure of counsel to seek a mistrial,

    (c) failure of counsel to object to jury instructions on parties to a crime,

    (d) improper statements made by counsel in closing argument regarding Petitioner's association with his co-defendant,

    (e) counsel's improper entry into a stipulation regarding a report by the crime scene investigator, and

    (f) failure of trial counsel to move for a directed verdict at the close of the evidence.

Pruitt v. State, 644 S.E.2d 837, 839-42 (2007). The Georgia Supreme Court affirmed his conviction on May 14, 2007. Id. at 842. Petitioner has not filed any state habeas petition challenging his conviction.

On April 16, 2008, Petitioner filed the instant petition, challenging his conviction on the following grounds:

(1) denial of effective assistance of appellate counsel;

(2) prosecutorial misconduct based on the prosecutor's failure to disclose impeachment and exculpatory evidence;

(3) several errors by the trial court, including

2

(a) failure to exclude evidence,

(b) failure to sever Petitioner's trial from his co-defendant's,

(c) improper denial of Petitioner's motion for a mistrial, and

(d) improper jury instructions regarding presence at the crime and parties to a crime;

(4) denial of effective assistance of trial counsel, including:

(a) failure to obtain exculpatory evidence,

(b) failure to impeach a state witness,

(c) failure to request that the voir dire of the jury be recorded,

(d) failure to move for a mistrial twice (once during the voir dire for prosecutorial misconduct and once during the prosecution's examination of witness),

(e) failure to object to prejudicial evidence,

(f) improper entry into a stipulation with the prosecution regarding the report of the crime scene investigator, and

(g) failure to object to various jury charges; and

(5) insufficient evidence at trial to sustain the verdict.

(Doc. no. 1, pp. 6-16). Respondent contends in his memorandum supporting his motion to dismiss that since Petitioner failed to raise Grounds One through Three of Petitioner's petition in state courts, his failure to exhaust certain claims in state court has ripened into a procedural default, and thus the petition must be dismissed. (Doc. no. 6-2, pp. 3-4). Petitioner requests in his motion that the Court stay his federal petition for relief so that he may file a state habeas petition. (Doc. no. 15).

3

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544 U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith,

4

539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

### III. DISCUSSION

**A.   Procedurally Defaulted and Unexhausted Claims**

**1.   Exhaustion and Procedural Default Rules Explained**

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available

5

procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state

remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[1] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th

---

[1] A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Judd, 250 F.3d at 1313 (internal quotations and citations omitted).

7

Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a

habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

## 2. Unexhausted Claim

Petitioner's first ground for federal habeas relief is based on ineffective assistance of appellate counsel. It would be illogical to contend that Petitioner should have raised this claim on appeal, as attorneys are not expected to argue their own inadequacies before an appellate court. See Williams v. State, 606 S.E.2d 594, 595 (Ga. Ct. App. 2004) (noting that the proper means for appellant to pursue a claim of ineffectiveness of appellate counsel was in a habeas corpus proceeding). However, pursuant to O.C.G.A. § 9-14-48(d), Petitioner could have filed a state petition for a writ of habeas corpus to challenge the effectiveness of appellate counsel. Thus, his claim of ineffective assistance of appellate counsel is unexhausted and therefore cannot be reviewed in these federal proceedings.

### 3. Unexhausted Claims Now Procedurally Defaulted

Petitioner also asserts several claims that could have been raised on direct appeal but are now procedurally defaulted. As noted above, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755 ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Petitioner has failed to raise his second ground for relief–the prosecution's failure to disclose impeachment and exculpatory evidence–in the Georgia state courts. Thus, under Georgia law, the failure to raise this claim in state court constitutes a procedural bar and prohibits the Court from considering Petitioner's claim of prosecutorial misconduct. See Turpin v. Mobley, 502 S.E.2d 458, 462 (Ga. 1998) (finding that appellant's claim of prosecutorial misconduct was procedurally defaulted because it should have been raised on direct appeal).

As to Petitioner's third ground for relief–alleged errors by the trial court–three of the four claims are procedurally defaulted.[2] In his federal petition, Petitioner alleges several errors by the trial court that he did not raise on direct appeal. These errors–namely, the trial court's failure to exclude evidence, failure to sever Petitioner's trial from his co-defendant's, and improper denial of Petitioner's motion for mistrial–have been procedurally defaulted, and this Court need not consider them as a basis for federal habeas relief.

---

[2] Petitioner's fourth claim regarding trial court error–that the trial court erred in its instructions to the jury regarding presence at the scene of a crime and parties to a crime–was raised on direct appeal to the Georgia Supreme Court. See Pruitt, 644 S.E.2d at 841.

Finally, two of Petitioner's allegations regarding his fourth claim for federal relief, ineffective assistance of trial counsel, are also unexhausted and now procedurally defaulted. In his federal habeas petition, Petitioner alleges for the first time that his trial counsel was ineffective because he failed to obtain exculpatory evidence from the prosecution and because he failed to impeach a state witness.[3] Thus, these two claims regarding ineffective assistance of trial counsel not raised on direct appeal have been procedurally defaulted, and again, the Court need not consider them as a basis for federal habeas relief.[4]

**B.    Claims Rejected on Direct Appeal**

Several of the bases for Petitioner's claim of ineffective assistance of trial counsel that he raises in his federal habeas petition were raised on direct appeal and rejected by the Georgia Supreme Court. Specifically, the Georgia Supreme Court found that failure by trial counsel to have the voir dire of the jury recorded, to move for a mistrial, to object to prejudicial evidence, to object to jury instructions on presence at the scene of a crime and parties to a crime, and trial counsel's entry into a stipulation regarding the content of a crime scene investigator's report did not amount to ineffective assistance of counsel. Pruitt, 644 S.E.2d at 842. Furthermore, Petitioner raised his fifth ground for federal habeas relief–insufficient evidence to sustain the verdict–in his appeal to the Georgia Supreme Court, which claim was also rejected. Id. at 839-40. Since Petitioner presents claims for

---

[3] All the other bases for Petitioner's ineffective assistance of trial counsel claim were raised on direct appeal to the Georgia Supreme Court. See Pruitt, 644 S.E.2d at 841-42.

[4] The Court takes note that procedural default may be excused upon a showing of cause and actual prejudice. However, Petitioner has failed to provide details that would support a showing of cause or prejudice. In any event, the Court need not reach this issue because it is recommending that Petitioner's federal petition be dismissed.

11

federal habeas relief that he has already presented on direct appeal, he has exhausted his state court remedies. However, as explained below, the Court need not consider the merits of these claims because Petitioner's petition should be dismissed as a "mixed petition," as it contains both exhausted and unexhausted claims.

C. **"Mixed Petition"**

   1. **"Mixed Petition" Rules Explained**

As noted above, Petitioner's petition contains both exhausted and unexhausted claims. When faced with a petition that contains unexhausted claims, the court must consider its available options under the AEDPA. First, the district court does not have the ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. See 28 U.S.C. § 2254(b)(3). Instead, a waiver can be found only if the state, through counsel, expressly waives the requirement. See id.

Next, the district courts have the discretion to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. See 28 U.S.C. § 2254(b)(2). In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the

habeas petition.[5]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Finally, if the district court finds that a petition is a mixed petition, in that it contains both exhausted and unexhausted claims, it has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005); Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). The Eleventh Circuit has summarized the requirements of Rhines as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-79). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution

---

[5]The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

13

of the federal proceedings" and undermine the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition," the stay and abeyance procedure should only be used in limited circumstances. Rhines, 544 U.S. at 277. If the Court determines that the stay and abeyance procedure is not the appropriate avenue on which to proceed, the Court also has the option of severing any unexhausted claims from the petition and proceeding with the exhausted claims, or to dismiss the entire petition as a mixed petition. Id. at 278; see also Ogle, 488 F.3d at 1320 (explaining that, when it is obvious that the unexhausted claims are procedurally defaulted, the district court can forego the needless "judicial ping-pong" by treating those claims as if procedurally defaulted, and that a petition should be denied with prejudice, if there are no state remedies left to exhaust and all of the claims are without merit or procedurally defaulted).

### 2. Dismissal of Petitioner's "Mixed Petition"

Under the requirements of Rhines, the Court concludes that Petitioner's petition should be dismissed as a "mixed petition" and that Petitioner's exhausted claims should not be held in abeyance. Petitioner has not shown "good cause" as to why he failed to exhaust his claims in state court. As noted above, Petitioner has the opportunity to raise his unexhausted claim regarding ineffective assistance of appellate counsel in a state habeas proceeding. While Petitioner's claims may be "potentially meritorious" and there is no indication that he has engaged in "intentionally dilatory litigation tactics," his failure to show good cause prohibits the Court from granting him a stay and abeyance of his exhausted claims under Rhines. Furthermore, the Court concludes that under these circumstances, stay and abeyance of

Petitioner's exhausted claims would frustrate and undermine the goals of the AEDPA. Thus, Petitioner's Motion for Stay and Abeyance should be **DENIED**, and the petition should be dismissed as a mixed petition.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondents' Motion to Dismiss be **GRANTED**, that Petitioner's Motion for Stay and Abeyance be **DENIED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE